IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

J.T. REAL ESTATE INVESTMENTS

    Plaintiff,

v.                                              Civil Action No. _____

CARDIOMEMS, INC.,
PMI TECHNOLOGIES, INC., &
VOYAGER FINANCIAL GROUP, LLC

    Defendant.

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, J.T. Real Estate Investments ("J.T. Real Estate."), Plaintiff herein, and files this Original Complaint against Defendants CardioMEMS, Inc. ("CardioMEMS"), PMI Technologies, Inc. ("PMI"), and Voyager Financial Group, LLC ("VFG") and would respectfully show the Court the following:

**I.   Parties**

1.   Plaintiff J.T. Real Estate Investments is a Texas general partnership with its principal place of business at P.O. Box 99, Dimmitt, TX 79027. All of J.T. Real Estate's partners are residents of Texas.

2.   Defendant CardioMEMS, Inc. is a Delaware Corporation with its principal place of business at 387 Technology Circle NW, Suite 500, Atlanta, Georgia 30313. CardioMEMS has listed David W. Stern as its registered agent with the Georgia Secretary of State. The address

listed for the registered agent is the same as that of the principle place of business. Therefore, it may be served at its principal address at 387 Technology Circle NW, Suite 500, Atlanta, Georgia 30313.

    3.    Defendant PMI Technologies, Inc. is an Alabama Corporation with its principle place of business at 350 11th Street SW, Arab, Alabama 35016-1770. PMI has listed Roy Patterson as its registered agent with the Alabama Secretary of State. The address listed for the registered agent is 2165 Rescue Road, Union Grove, Alabama 15215. Therefore, PMI may be served at the address listed for its registered agent at 2165 Rescue Road, Union Grove, Alabama 15215.

    4.    Defendant Voyager Financial Group, LLC is a Delaware Corporation. Upon information and belief the principle place of business of VFG is located at 1431 Merrill Drive, Suite H, Little Rock, Arkansas 72211. VFG has listed Newland and Associates, PLLC as its registered agent with the Arkansas Secretary of State. The address listed for the registered agent is 2228 Cottondale Lane, Suite 200, Little Rock, Arkansas 72202. Therefore, VFG may be served at the address listed for its registered agent at 2228 Cottondale Lane, Suite 200, Little Rock, Arkansas 72202.

## II. Jurisdiction and Venue

    5.    This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1). CardioMEMS is a Delaware Corporation, PMI is an Alabama Corporation, and VFG is a Delaware LLC with no Texas residents as members. J.T. Real Estate is a Texas general partnership whose partners are all residents of Texas. The matter in controversy between these citizens of different states, exclusive of interest and costs, exceeds $75,000.00.

6. Venue is proper in this Court under 28 U.S.C. § 1391 because PMI resides in this judicial district.

### III. Factual Background

7. CardioMEMS was a manufacturer of implantable heart devices ("Devices") and PMI was a manufacturer of electronic equipment ("Equipment") used in the Devices manufactured by CardioMEMS.

8. Upon information and belief CardioMEMS and PMI entered into a Purchase Order Contract ("Purchase Order") on or about August 30, 2011. Under the terms of the Purchase Order, PMI promised to produce Equipment for use in the Devices, and CardioMEMS promised to pay PMI an account receivable valued at $303,658.36 ("Account Receivable") on the Purchase Order.

9. Upon information and belief PMI sought to sell the Account Receivable on the Purchase Order in order to finance its operations. PMI enlisted the broker services of Voyager Financial Group ("VFG"), a company specializing in brokering agreements between investors and sellers of accounts receivable.

10. On or about October 24, 2011 PMI and VFG entered into an Accounts Receivables Sales Assistance Agreement ("Sales Assistance Agreement"), wherein VFG agreed to assist PMI in selling the Account Receivable to an investor for a price of $294,461.48 wherein the investor would recover the face value of the Account Receivable of $303,658.36.

11. On or about October 24, 2011 J.T. Real Estate Investments and VFG entered into an Accounts Receivables Purchase Assistance Agreement ("Purchase Assistance Agreement"), wherein VFG agreed to assist J.T. Real Estate in purchasing the Account Receivable from PMI

for a price of $294,461.48 wherein the investor would recover the face value of the Account Receivable of $303,658.36, gaining $9,196.88 on the investment.

12. On or about October 25, 2011, J.T. Real Estate and PMI entered into a Contract for Sale and Assignment of Accounts Receivable brokered by and with the assistance of VFG. Pursuant the terms of the contract above, J.T. Real Estate agreed to purchase the Account Receivable from PMI for a price of $294,461.48; in return, J.T. Real Estate would recover the $303,658.36 face value of the Account Receivable when the Purchase Order became due on February 10, 2012.

13. On or about October 25, 2011 J.T. Real Estate submitted a Purchase Application ("Purchase Application") to VFG in order purchase the Account Receivable from PMI as required by the Purchase Assistance Agreement.

14. Pursuant to the terms of the Purchase Assistance Agreement and the Purchase Application, on or about October 27, 2011, J.T. Real Estate completed a wire transfer of the $294,461.48 to an escrow account maintained by VFG in order to purchase the Account Receivable.

15. Upon information and belief, sometime in January 2012 CardioMEMS informed PMI that CardioMEMS no longer intended to take delivery of any of the Equipment identified on the Purchase Order.

16. On or about February 10, 2012 the Purchase Order entered into between CardioMEMS and PMI became due. CardioMEMS failed to make timely payment on the Account Receivable stemming from the Purchase Order and has made no payment subsequent to the due date to J.T. Real Estate.

## IV. Causes of Action

17. J.T. Real Estate incorporates by reference paragraphs 1-16 into the following causes of action as though fully set forth herein.

### A. Breach of Contract Against CardioMEMS

18. CardioMEMS breached the Purchase Order contract by cancelling the Purchase Order and failing to pay on the Purchase Order when it became due.

### B. Breach of Contract Against PMI

19. PMI has been informed by counsel for CardioMEMS that CardioMEMS believes it is not liable in whole or part for the amount of the Purchase Order. Should the facts show that CardioMEMS is not liable in whole or part for the Purchase Order, then PMI has breached the terms of the Representations, Warranties, and Covenants provisions of the Contract for Sale and Assignment of Accounts Receivable. In addition, should the facts show that CardioMEMS has a defense against paying the full value of the Account Receivable, then PMI has breached the terms of the Representations, Warranties, and Covenants provisions of the Contract for Sale and Assignment of Accounts Receivable.

### C. Professional Negligence for Negligent Misrepresentation Against VFG

20. VFG, a company that makes it a part of its business to supply information for the guidance of others in their business transactions, supplied false information to J.T. Real Estate regarding the strength and soundness of the investment of J.T. Real Estate's money in the Account Receivable owned by PMI, the Purchase Order, and PMI's financial health. VFG intended for J.T. Real Estate to rely on the information that VFG provided in making a decision to invest in the Account Receivable. J.T. Real Estate suffered substantial financial harm as a result of acting in reliance upon the false information supplied by VFG.

21. VFG owes a duty to exercise reasonable care in obtaining information for, and communicating information to, its customers and clients. VFG breached this duty by failing to exercise reasonable care when gathering information on PMI and the underlying risk involved with the Account Receivable. To the extent that VFG had such information, it failed to communicate the same to J.T. Real Estate.

## V. Attorneys' Fees

22. Defendants CardioMEMS, PMI, and VFG have collectively breached their contracts and made misrepresentations that have forced Plaintiff J.T. Real Estate to hire the undersigned attorneys to prosecute this action. Under the terms of the contracts and state law, J.T. Real Estate is entitled to recover its reasonable attorneys' fees incurred in its pursuit of recovery from CardioMEMS, PMI, and VFG.

## VI. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff J.T. Real Estate prays that upon final hearing of this matter, this Court award judgment to J.T. Real Estate against CardioMEMS, PMI, and VFG according to the following:

a. $303,658.36 as actual damages;

b. Reasonable attorneys' fees;

c. Prejudgment and post-judgment interest at the highest rate allowed by law;

d. Costs of suit;

e. All other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

**IRWIN MERRITT HOGUE PRICE & CARTHEL, PC**
320 S. Polk, Suite 700
Amarillo, Texas   79101
Tel:  (806) 322-1440
Fax: (806) 322-1441

By: _____
    KEVIN T. WAKLEY
    Texas State Bar No. 24042110

ATTORNEYS FOR J.T. REAL ESTATE INVESTMENTS