IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

J T REAL ESTATE INVESTMENTS

        Plaintiff,

v.                                                                                    CV 4:12-4000-RBP

CARDIOMEMS, INC.;
PMI TECHNOLOGIES, INC. and
VOYAGER FINANCIAL GROUP LLC

        Defendants.

### MEMORANDUM OPINION[1]

      This cause comes on to be heard on Defendant Cardiomems, Inc.'s Motion to Dismiss Complaint filed December 18, 2012 and Defendant Cardiomems, Inc.'s Motion to Dismiss Amended Complaint filed January 22, 2013.

      CardioMEMS contends that the purchase order required delivery of the equipment before any right to payment became due, and that, because there was no delivery, there is no right of payment for PMI to assign to JT. CardioMEMS argues that an account receivable is uncollectible unless and until the goods ordered were delivered to the buyer. It cites *Plymel v. B.W. Projects, Inc.*, 632 So. 2d 453, 454 (Ala. 1993). CardioMEMS admits that it terminated the purchase order short of the February 10, 2012 delivery deadline, but it argues that this does not have bearing on JT's attempt to collect the alleged account receivable.

---

[1] See recorded hearing of January 30, 2013 with regard to narrowing of issues.

JT cites the definitions of a buyer, seller, and an assignment under the Alabama Code and case law. A buyer is a person who buys or contracts to buy goods, and a seller is a person who sells or contracts to sell goods. *See* Ala. Code § 7-2-103(1)(a)-(b). Unless otherwise agreed, either buyers or sellers have the ability to assign any or all of their rights under contracts of sale, unless it would materially change the duty of the other party, increase the burden or risk imposed upon the other party, or impair the other party in obtaining return performance. Ala. Code § 7-2-210(2). JT cites *Certain Underwriters at Lloyd's London v. Kirkland*, 69 So. 3d 98, 102 (Ala. 2011).

JT also argues that its assigned right gives it the right to make a claim for breach of contract for anticipatory repudiation. CardioMEMS has admitted to terminating the contract before the final deadline. JT claims that the buyer's obligation is to pay according to the contract, therefore requiring CardioMEMS to pay JT according to the contract and assignment.

Conclusion of Court

Contract law and assignment rights dictate that JT has the right to seek payment under the purchase order. *Plymel* is clearly distinguishable because it was decided after a trial based upon affirmative defense(s). The case was not decided on any pretrial motion. There was no allegation of anticipatory repudiation. JT has at least stated a viable claim. JT is entitled to whatever damages, if any, PMI would receive if PMI were to bring a breach of contract suit against CardioMEMS. The obligation of Cardiomems will be restricted to the amount, if any, which Cardiomems owed PMI as a result of any breach of contract. The Motions to Dismiss will

be DENIED.[2]

This the 27th day of February, 2013.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[2] The court has not attempted to discuss all the manners in which various cases discussed by the parties are distinguishable.